SONATY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-257-CR

TAMARA MICHELLE SONATY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Tamara Michelle Sonaty appeals the trial court’s adjudication of her guilt for delivery of marijuana to a minor.  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
,
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Appellant has also filed a pro se brief, in which she challenges the voluntariness of her original plea of guilty to the delivery of marijuana offense.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and essentially to rebrief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.
(footnote: 3)  Because this is an appeal from the trial court’s adjudication of appellant’s deferred adjudication community supervision, our independent review for potential error is limited to jurisdictional defects, potential errors not affecting the decision to adjudicate, and post-adjudication matters unrelated to appellant’s conviction.
(footnote: 4) 
 The trial court’s decision to adjudicate guilt is not appealable.
(footnote: 5) 

Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.  There are no jurisdictional defects.  The indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.
(footnote: 6) 
 In addition, the trial court had jurisdiction to adjudicate appellant’s guilt and sentence her, and the sentence is within the punishment range for the adjudicated offense.
(footnote: 7) 

Appellant contends that her original guilty plea was involuntary because she was scared into accepting the plea bargain.  A defendant placed on deferred adjudication may not, after an adjudication of guilt, complain of issues relating to the original plea proceeding such as the voluntariness of a guilty plea.
(footnote: 8)  
Therefore, we will not consider this complaint.

Because there is no arguable ground that may be raised on appellant’s behalf in this appeal, we grant counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ. 

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 15, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

4:
See Hargesheimer v. State,
 182 S.W.3d 906, 912 (Tex. Crim. App. 2006); 
id.
 at 914 (Johnson, J., concurring); 
Bray v. State,
 179 S.W.3d 725, 727 (Tex. App.—Fort Worth 2005, no pet.). 

5:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2005); 
Hargesheimer,
 182 S.W.3d at 912.

6:
See
 Tex. Const. 
art. V, § 12(b); 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon
 2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

7:
See
 Tex. Code Crim. Proc. Ann.
 arts. 4.05, 42.12, § (5)(b); 
Tex. Health & Safety Code Ann.
 § 481.122(a), (c) (Vernon 2003); 
Tex. Penal Code Ann.
 § 12.33 (Vernon 2003).

8:
Vidaurri v. State,
 49 S.W.3d 880, 884 (Tex. Crim. App. 2001).